STATE OF WEST VIRGINIA

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RONALD E. FOX,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0594**  (BOR Appeal No. 2049031)
                          (Claim No. 2012035303)

**VECELLIO & GROGAN, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald E. Fox, by J. Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Vecellio & Grogan, Inc., by Robert Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2014, in which the Board affirmed a November 14, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 27, 2012, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 11, 2012, Mr. Fox completed an application for workers' compensation benefits stating that he had been exposed to fine rock-like dust particles during the course of his employment as a heavy equipment operator. Vishnu Patel, M.D., completed the physician's portion of the application and listed a diagnosis of occupational asthma secondary to chemical exposure. Dr. Patel noted that he initially examined Mr. Fox on December 20, 2011. On July 10, 2012, Vecellio & Grogan, Inc., completed a report of occupational pneumoconiosis, which noted that Mr. Fox was always in an enclosed cab while operating heavy equipment and further noted that water was used at all job sites for the purpose of dust control. On August 7, 2012, the claims

1

administrator denied Mr. Fox's request for workers' compensation benefits based on a finding that he did not meet the statutory exposure requirements necessary to prosecute a claim for occupational pneumoconiosis. Following multiple letters from Mr. Fox's attorney indicating that Mr. Fox has not filed a claim for occupational pneumoconiosis, the claims administrator issued a second decision on August 27, 2012, rejecting the claim based on a finding that evidence has not been submitted to supporting a finding that a hazardous exposure occurred or that Mr. Fox developed an occupational disease as a result of a hazardous exposure.

Mr. Fox has been hospitalized numerous times amid complaints of difficulty breathing, culminating in a hospitalization at the University of Pittsburgh Medical Center. Treatment notes from the course of Mr. Fox's hospitalization at the University of Pittsburgh Medical Center note that although it was suggested that Mr. Fox suffered from silicosis at the time of his admission, no evidence of silicosis was ever found. He was instead diagnosed with a chronic cough arising from gastroesophageal reflux disease, gastroparesis, frequent asthma exacerbations precipitated by regurgitation, and vocal cord dysfunction/spasm relating to severe and uncontrolled reflux disease and gastroparesis.

On January 10, 2013, Mr. Fox was deposed. He testified that he developed breathing problems in December of 2011, including a severe cough, following exposure to fine dust and silica dust while participating in the construction of "Corridor H", and also following exposure to coal dust while employed at the site of a former surface mine. Mr. Fox further testified that the presence of silica dust at the "Corridor H" job site was confirmed through independent core sampling. Robert Kennedy, Safety Director for Vecellio & Grogan, disputed Mr. Fox's assertion that the presence of silica dust at the "Corridor H" job site was confirmed through core sampling in an affidavit.

On April 2, 2013, George Zaldivar, M.D., performed an independent medical evaluation. He noted that Mr. Fox reported experiencing difficulty breathing and a chronic cough. Dr. Zaldivar further noted that Mr. Fox reported exposure to silica dust as the precipitating factor for his symptoms. However, Dr. Zaldivar opined that there is no evidence in the instant case to justify a diagnosis of silicosis or any other dust-related disease of the lungs. Further, he noted that the cough of which Mr. Fox complains has been attributed to chronic gastric reflux due to pre-existent reflux disease and gastroparesis. Additionally, Dr. Zaldivar opined that there is no evidence of any pulmonary disease or condition brought about by Mr. Fox's employment and also opined that Mr. Fox's chronic cough is unrelated to his occupation. Finally, Mark Clarkson, D.O., Mr. Fox's personal physician, was asked to submit medical summaries, which he completed on May 31, 2013, and July 2, 2013. In the medical summaries, Dr. Clarkson lists Mr. Fox's current diagnoses as gastroparesis, gastroesophageal reflux disease, vocal cord dysfunction, hypertension, anxiety, insomnia, knee pain, aspiration pneumonia, diabetes mellitus, tachycardia, and syncope.

In its Order affirming the claims administrator's August 27, 2012, decision, the Office of Judges held that Mr. Fox has failed to show by a preponderance of the evidence that he developed an occupational disease in the course of and resulting from his employment. The Board of Review affirmed the Office of Judges' Order in its decision dated May 20, 2014. On

appeal, Mr. Fox asserts that the preponderance of the evidence establishes that he developed occupational asthma in the course of and resulting from his employment.

The Office of Judges found that although Mr. Fox continually asserts that exposure to silica dust contributed to his symptoms, the evidence of record fails to establish a diagnosis of silicosis. Moreover, in light of Mr. Kennedy's affidavit, it is questionable whether exposure to silica dust ever occurred. The Office of Judges then found that although Dr. Patel made a diagnosis of occupational asthma, he was the only physician of record to do so. Finally, the Office of Judges found that the preponderance of the evidence establishes that Mr. Fox's respiratory problems arise from severe gastroesophageal reflux disease and gastroparesis, neither of which is causally connected to Mr. Fox's employment. We agree with the reasoning and conclusions of the Office of Judges as adopted and affirmed by the Board of Review. The evidence of record clearly demonstrates that Mr. Fox's symptoms are solely attributable to gastroesophageal reflux disease and gastroparesis, and fails to establish any connection between Mr. Fox's current symptomology and an occupationally-induced respiratory disorder.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3